## ABRAHAMS *v.* THE STATE OF IOWA.

Where the offence on the part of those keeping a house of prostitution or lewdness, could only be prohibited by a legal prosecution, and where the occupants could in no sense be said to be so far under the control of the lessor, as that his mere dissent or order, would amount to a prohibition, his mere failure to act, or to prohibit, would not amount to a permission.

To make a lessor liable under section 2712 of the statute, for knowingly permitting the lessee to use his house for the purposes of prostitution and lewdness, there must be on the part of the lessor, a *consent* to such use, either expressly given, or given by his silent acquiescence.

A mere failure to interfere or to prosecute, so as to prevent the illegal use, cannot be construed to amount to a permission, or into a silent, affirmative acquiescence in such use.

The State must show such acts or circumstances as shall satisfy the jury, that the lessor, having knowledge that the house was being used for the illegal purpose, after the execution of the lease, not only remained inactive, but assented or consented to such use; and it is not for the lessor to show, that he took some steps to manifest his dissent or disapprobation.

Where a party was indicted for having leased a house, knowing that the lessee intended to use the same as a place or resort for the purpose of prostitution and lewdness, and for having knowingly permitted such lessee to use the same for such purpose; and where the court instructed the jury as follows: " That if the defendant leased the premises for a legal and proper purpose, not knowing that it was to be used for an illegal purpose; but after the lease was executed, the lessees kept a place of prostitution and lewdness, and the defendant had knowledge of such illegal use, and *took no means to prevent the same*, he would be liable under the indictment;" *Held*, That the instruction was erroneous.

## *Error to the Des Moines District Court.*

THE defendant was indicted for having leased a house, knowing that the lessee intended to use the same as a place or resort for the purpose of prostitution and lewdness, and for having knowingly permitted such lessee to use the same for such purpose. It would seem that there was no testimony to sustain the charge, that he leased the house with the knowledge that it would be so used; and that the prosecution relied for a conviction, upon the charge that he' knowingly permitted the same. On this subject, the court instructed the jury, that if the defendant leased the premises for a legal and proper purpose, not knowing that it was to be used for an illegal purpose; but after the lease was executed, the lessees kept a place of prostitution and lewdness, and the defendant had knowledge of such illegal use, and took no means to prevent the same, he would be liable under the indictment. To this instruction, defendant excepted, and there being a verdict and judgment of guilty, he now prosecutes this writ of error.

*J. C. & B. J. Hall,* for plaintiff in error.

*Saml. A. Rice,* (Atty. Genl.) for the State.

WRIGHT, C. J.—The law provides that if any person let any house, knowing that the lessee intends to use it as a place or resort for the purpose of prostitution and lewdness, or knowingly permit such lessee to use the same for such purpose, he shall be punished by fine, &c.  Code, § 2712. The material inquiry in the case, is, what is the true meaning of the word *permit*, as here used?  We think the construction given it by the court below, improperly changes the burden of proof.  This construction assumes, that if it is once shown that a lessor has knowledge that the premises leased, are used for the illegal purpose, he must show that he took some steps to prevent the same, if he would avoid liability.  In our opinion, mere inaction on his part, or a failure to take some steps to prevent the illegal use, is not permitting it, in the sense contemplated in this section. The permission to do a particular thing, would imply an affirmative consent, or assent to it, rather than a failure to act to prevent it, or the want or absence of action.  It is true that a failure to prohibit, may be said to amount to a license or permission to do a particular act; and in this sense, the word *permit* is sometimes used.  But this is believed to be its secondary, rather than its primary signification.  When thus used, it implies that the party has it in his immediate power to prevent the act or thing; and having failed to prohibit the same, it may well and safely be concluded, that he permitted it.  When, however, as in the case before us, the offence on the part of those keeping the house, could only be prohibited by a legal prosecution; and where the occupants could in no sense be said to be so far under the control of the lessor, as that his mere dissent or order would amount to a prohibition, we cannot believe that his failure to act, or to prohibit, would amount to a permission.

To make the party liable under this statute, there must be on his part, a consent to such use, either expressly given, or given by his silent acquiescence.  Where the consent is expressly given, there, of course, would be no difficulty in showing that he permitted the use.  What shall be said to

amount to a silent acquiescence, it is impossible to determine from any rule applicable to all cases which may arise. For the purposes of this case, it is sufficient to say, that a mere failure to interfere, or to prosecute, so as to prevent the illegal use, cannot be construed to amount to a permission, or into a silent affirmative acquiescence in such use. The State must show such acts or circumstances as shall satisfy the jury, that the lessor having knowledge that the house was being used for the illegal purpose, after the execution of the lease, not only remained inactive, but assented or consented to such use; and it is not for him to show, that he took some step to manifest his dissent or disapprobation.

Judgment reversed, and cause remanded for trial *de novo.*