| 62 | 400 |
| J90 | 159 |

| 62 | 400 |
| 137 | 552 |

| 62 | 400 |
| 144 | 187 |

## STATE v. PROBASCO.

1. **Criminal Law :** MINORS IN SALOONS: KNOWLEDGE NOT NECESSARY TO CONVICTION. Under chapter 59, Acts of the Fifteenth General Assembly, (McClain's Statutes, 1019; Miller's Code, 968,) making it unlawful for the keeper of a billiard saloon, or his employes, to permit minors to remain in the saloon, a conviction may be had without proving that the defendant knew of the presence of the minor, or of the fact of his minority. See cases followed and distinguished cited in opinion.

2. ——: ——: LIABILITY FOR OFFENSE OF SERVANT. Under the statute aforesaid, if the saloon-keeper fails to enforce watchfulness on the part of his employes, and a minor is thus allowed to remain in his saloon, he and the employe are both guilty, and he cannot avoid punishment on the ground that the offense was the offense only of his servant.

State v. Probasco.

*Appeal from Union District Court.*

TUESDAY, DECEMBER 11.

AN information was filed before a justice of the peace, charging defendant with permitting a minor to remain in a billiard saloon kept by defendant, in violation of the statute. Upon an appeal to the district court, defendant was convicted. He now appeals to this court.

*J. H. Copenheifer* and *Stafford & Denning*, for appellant.

*Smith McPherson, Attorney-general,* for the State.

BECK, J.—I. There was evidence, which was not contradicted, that one Clark, a minor, was frequently in a billiard saloon kept by defendant, and spent nearly all of one day (June 20th, 1882,) therein, and on that occasion played pool there. The defendant employed two or three bar-tenders, and a man to look after the billiard tables and the playing upon them. These men were present attending to their duties while the minor was in the saloon. There was no evidence that the employes of defendant knew that Clark was a minor. The defendant testified that he did not know Clark, and saw him in the saloon but once, and then, on account of his attire and appearance, defendant declares that he appeared to be thirty or forty years old.

II. The district court gave to the jury the following instructions, of which defendant complains: "3. Before you can find the defendant guilty, you must find from the evidence and beyond a reasonable doubt:—

1. CRIMINAL law: minors in saloons: knowledge not necessary to conviction.

1st. That on or before the 20th of June, 1882, the defendant was the keeper of a billiard hall or saloon in Creston, Union county, Iowa.

"2d. That on or about the 20th day of June, 1882, the defendant, either by himself, agent, clerk or servant, permitted one George Clark to remain in said billiard hall or saloon.

VOL. LXII—26

"3d.   That at that time said George Clark was a minor.

"4th.   If you find from the evidence that the defendant was the keeper of a billiard hall or saloon in Creston, Union county, Iowa, and that on or about the 20th day of June, 1882, he by himself, agent, clerk or servant permitted one George Clark, who was at the time a minor, to remain in his said billiard hall or saloon, then it would be your duty to find the defendant guilty, whether the said defendant knew said Clark was a minor or not."

The defendant asked the court to direct the jury, in substance, that, to authorize conviction, they must find from the evidence that the minor was "a frequenter of the saloon by the permission of defendant," and that defendant or his employes had knowledge that Clark was in the saloon.   The request was refused.

Chapter 59, Acts of Fifteenth General Assembly, § 1, provides that "it shall be unlawful for any person who keeps a billiard hall, beer-saloon or nine or ten-pin alley, or the agent, clerk or servant of any such person, or any person having charge or control of any such hall, saloon, or alley, to permit any minor or minors to remain in such hall, saloon, or alley, or to take part in any of the games known as billiards, nine or ten-pins."   Section two provides punishment for the violation of the act.   See McClain's Statutes, p. 1019; Miller's Code, p. 968.   Under this statute, it is unlawful for the keeper of a billiard saloon or his employes "to permit" a minor to remain in the saloon.   We must enquire into the meaning and force of the words "to permit."   It implies express assent or license to do an act, or a failure to prohibit or prevent it.   If it is the duty of one to prevent or prohibit an act, and he fails to do so, or to use efforts to do so, he permits it.   He permits the act which he could have prevented.   This is the common meaning of the word, and it is used in that sense in the statute before us.

It is the duty of saloon-keepers not to permit but to prevent minors remaining in their saloons.   The same duty is

imposed upon their employes. If the keeper or his employe fails to take proper means to prevent minors remaining in their saloons, they permit it. Hence, if proper watchfulness is not exercised by either; if the keeper fails to enforce watchfulness on the part of his employes, and thereby a minor is permitted to remain in the saloon, both violate the statute.

It is obvious that, in the absence of watchfulness and proper effort to discharge the duty imposed by the statute, if a minor remain in the saloon without the knowledge of the keeper or employe, each is liable for the penalty provided by the statute. Neither can plead ignorance of the presence of the minor. It was their duty to know of his presence. Ignorance, especially when there has been no effort to gain knowledge, will excuse no one for the omission of duty, either in morals or law.

In the case of the defendant, it was his duty to be vigilant to prevent the presence of minors. When he has failed to do his duty in this regard, he cannot escape on the mere ground that he did not know he was violating his duty as prescribed by the statute. If he failed to require vigilance from his employes, or so conducted his business as to permit his employes to disobey the law, neither his ignorance nor theirs of the presence of Clark will excuse the defendant. The ruling of the district court in refusing the instruction asked by defendant, and in giving the third instruction above set out, is in accord with these views.

III. Defendant's counsel insist that it is necessary to show that defendant had knowledge of the presence of Clark in the saloon, before it can be found that he permitted it, and, in support of this position, cites *Abrahams v. The State*, 4 Iowa, 541; *State v. Ballingall*, 42 Id., 87; *Cobleigh v. McBride*, 45 Id., 116. The statutes construed in these cases either expressly applied, or were construed to apply, to permission with knowledge of the party accused. See Code 1851, § 2712; Code § § 1558, 1543.

THE SAME.

IV.   Counsel insist that the rulings of the court below hold defendant guilty for the offense of his servant.   This

3. ——— : liability for offense of servant.

position is not correct.   Both defendant and his servant may be guilty, and, as we have pointed out, knowledge of the presence of the minor need not be shown in order to establish the gulit of either.

V.   The fourth instruction holds that defendant's guilt does not depend upon his knowledge of the minority of Clark.

SAME AS NO. 1.

It is complained of by defendant.   This court has held that the guilt of one charged with a crime does not depend upon his knowledge of facts constituting the offense.   And a like rule is applied in civil cases to recover for damages resulting from illegal acts.. *State v. Newton,* 44 Iowa, 45; *State v. Whitcomb,* 52 Id., 85; *Jamison v. Burton,* 43 Id., 282.   These cases cannot be distinguished in principle from the case before us.   To hold differently would practically defeat the enforcement of the statute. Persons engaged in a business that becomes unlawful or criminal under certain conditions must exercise it at their peril, taking care that their acts are not unlawful.   They must be vigilant to discover the existence of conditions which determine the unlawfulness of their acts.   We have considered all questions arising in the case, and reach the conclusion that the judgment of the district court ought to be

AFFIRMED.