The Coulter Manufacturing Company, Appellant, v. The Fort Dodge Grocery Company.

**Evidence:** construing of contracts. Parol evidence is admissible to show that the phrase, "Prices guaranteed against market price to date of shipment," attached to an order for goods to be shipped in the future, means that the buyer should, according to business custom and usage, have the benefit of any decline in the market.

*Appeal from Webster District Court.*—Hon. D. R. Hind-man, Judge.

Friday, April 10, 1896.

Action to recover a balance alleged to be due from the defendant to the plaintiff upon the sale of a quantity of jelly. There was a trial before the court, without a jury, and a judgment was entered for the defendant for costs. Plaintiff appeals.—*Affirmed.*

*Yeoman & Kenyon* for appellant.

*Botsford, Healey & Healey* for appellee.

Rothrock, C. J.—The plaintiff is a corporation engaged in manufacturing and selling merchandise at St. Joseph, Mo. The defendant is engaged as a whole-sale dealer at Ft. Dodge, in this state. On the twenty-second day of March, 1893, W. W. Brown, one of the plaintiff's traveling salesmen, went to the defendant's place of business to solicit an order for goods, and a contract was made, as shown by the following orders:

"3–22–1893.

"Messrs.: Ship to Fort Dodge Grocery Co., Ft. Dodge, Io.

"How to ship: Freight allowed,

"When:   June first.

"Terms:   Regular, unless sooner ordered.

"This order is not subject to cancellation.

"Prices guarantied against market price to date of shipment.

1,000 17- ℔. kits jelly, assorted, @ 63c.
  200 20- ℔. kits jelly,    "    @ 68c.

"8c per kit reduction from present price on the 17- ℔. kits, and 7c per kit on the 20- ℔. kits, to be made good in jelly.   Bill to call for above prices, 63c and 68c.                "FORT DODGE GROCERY Co."

"3-22-1893.

"Coulter Manufacturing Co., St. Joseph, Mo.

1,000 17- ℔. kits jelly, @ 63c.
  200 20- ℔. kits jelly, @ 68c.

"Frt. allowed to Ft. Dodge.   Time, 60.   2 per ct. ten days.

"Ship June 1st, unless sooner ordered, and price guarantied to date of shipment.   "W. W. BROWN."

It will be observed that the goods were to be shipped June 1, 1893.   On the eighth day of May, the plaintiff telegraphed the defendant that the goods must be shipped that day, and it would date bill June 1, or cancel the order.   No answer was made to this dispatch, and another was sent on the same day advising defendant that the goods were being shipped. The defendant wired the plaintiff to ship the goods as per conditions of telegram and order.   The goods were received, and the defendant paid the plaintiff the market price as it was on the first day of June, the time when the jelly was to be delivered, and the time to which the bill was to be dated, as shown by the first telegram sent, on the eighth day of May.   The market price of the jelly was the same on the eighth day of May that it was at the time the order was given.

But on the first day of June the price was much less. The defendant paid the full value of the goods as of June 1, and this action is to recover the balance claimed to be due. It will be seen that the contract names the price of the goods, with the following further provision: "Prices guarantied against market price to date of shipment." The dispute arises upon the proper construction of this guaranty. The plaintiff contends that it is to be understood therefrom that the prices to be paid were not to be more than those named in the contract. On the other had, it is insisted that, if the prices were less on the first day of June, the defendant was to have the benefit of the reduction; or, in other words, if there was a decline in the market, the purchaser was to have the benefit of the reduced market value.

The defendant introduced witnesses who were familiar with orders in this form, and they testified that the true meaning of the contract, according to mercantile usage, is that the purchaser shall have the benefit of the decline. Plaintiff objected to the evidence. The court did not rule on the objections made, but held the same in abeyance, as it is expressed in the abstract. It does not appear that any ruling was at any time made on the question. If we should treat the objections as overruled, we think the ruling was right. This clause in the contract was not self-explanatory. Parol evidence that the terms used have a well-known meaning in commercial transactions, is admissible, not as contradicting the language or terms of a contract, but to apply to them the incidents which obtain by usage and custom. It is not necessary that words and terms in a contract should be technical, scientific, or ambiguous, in themselves in order to entitle a party to show by parol evidence the meaning attached to them by the parties to the contract. 27 Am. & Eng. Enc. Law,

287; *Manufacturing Co. v. Randall*, 62 Iowa, 244 (17 N. W. Rep. 607). The judgment of the district court is sustained by the evidence, and it is AFFIRMED.