(December 20, 1899.)

## BALL v. CAMPBELL.

[59 Pac. 559.)

PLEADING—ELECTION IRREGULARITIES.—A complaint in this case examined and held not to state a cause of action.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

Winters & Guheen, for Appellant.

If the sections of the statute in regard to voting are mandatory, then there is no question under the record in this case that the judgment of the lower court should be reversed; but should this court hold that the said sections of the said laws

were simply directory, then and in that event we contend that
the said malconduct of the said judges of election in said Poca-
tello precinct No. 2 was so rank and reckless as to give their
returns no standing whatever, and thus it would be incumbent
upon each candidate to prove, if he can, the number of legal
votes cast for him in said precinct; otherwise the said whole
vote of the said precinct should be thrown out and set aside
and not considered in the said election.    We think that this is
the rule.    (*Lloyd v. Sullivan,* 9 Mont. 577, 24 Pac. 218; 10
Am. & Eng. Ency. of Law, N. S., p. 766, sec. 2; *Attorney Gen-
eral v. McQuade,* 94 Mich. 439, 53 N. W. 944; *Russell v. Mc-
Dowell,* 83 Cal. 70, 23 Pac. 183.)    Statutory provisions which
are clearly mandatory must be substantially complied with;
and even directory provisions cannot be so grossly departed
from as to make it impossible or extremely difficult to deter-
mine whether fraud had been committed or anything done
which would affect the result of the election.    (10 Am. & Eng.
Ency. of Law, N. S., 768; *Atkinson v. Lorbeer,* 111 Cal.
119, 44 Pac. 162; *Lloyd v. Sullivan,* 9 Mont. 577, 24 Pac. 218;
*Londoner v. People etc.,* 15 Colo. 557, 26 Pac. 135; *Attorney
General v. McQuade,* 94 Mich. 439, 53 N. W. 944, and cases
cited; *Russell v. McDowell,* 83 Cal. 70, 23 Pac. 183.)

Hawley & Puckett and Thomas F. Terrell, for Respondent.

Undoubtedly the general rule is, that if legal votes have
been cast in good faith by honest electors, it is the duty of the
court or tribunal trying a contest to ascertain their number
and give them effect, notwithstanding misconduct or even fraud
on the part of the election officers.    Such fraud or misconduct
may destroy the value of the officer's certificate, and may sub-
ject him to severe punishment, but the innocent voter should
not suffer on that account, if by any means his rights can be
upheld.    (McCrary on Elections, 2d ed., 304; McCrary on
Elections, 3d ed., 489; *Luckey v. Police Jury,* 46 La. Ann. 679,
15 South. 89-93.)    The complaint or petition in an election
contest must state the grounds of contest with particularity and
certainty, so that the adverse party may be prepared to meet
them, and not be taken by surprise.    (*Todd v. Stewart,* 14 Colo.
286, 23 Pac. 426; *Smith v. Harris,* 18 Colo. 274, 32 Pac. 616;

*Howard v. Shields,* 16 Ohio St. 184; *Whitney v. Blackburn,* 17 Or. 564, 11 ·Am. St. Rep. 857, 21 Pac. 874; *Greely v. Holland,* 14 Nev. 320; *Soper v. Sibley Co.,* 46 Minn. 274, 8 N. W. 1112; *Boyer v. Teague,* 106 N. C. 576, 19 Am. St. Rep. 547, 11 S. E. 665; *Melvin's Case,* 68 Pa. St. 333; *Batterson v. Fuller,* 6 S. Dak. 257, 60 N. W. 1071; *Taylor v. Taylor,* 10 Minn. 81 (107); *Rigsbee v. Durham,* 99 N. C. 341, 6 S. E. 64; *Whipley v. Mc-Cune,* 12 Cal. 352.)

HUSTON, C. J.—At the general election held in Bannock county in November, 1898, the plaintiff and defendant were candidates for the office of clerk of the district court for said Bannock county. The defendant received the certificate of election, and duly entered upon the performance of the duties of said office. Plaintiff brings this action under the provisions of the act of February 25, 1891, concerning elections and electors, and the acts amendatory thereof, for the purpose of contesting the election of defendant. To the complaint of the plaintiff filed herein, the defendant interposed a general and ·special demurrer, the district court sustained said demurrer, and, plaintiff declining to further amend (the complaint had been once amended), the court rendered judgment dismissing the complaint, with costs. From such judgment this appeal is taken.

The only question submitted for our decision is, Was the ·action of the district court in sustaining the demurrer of defendant to plaintiff's complaint erroneous?

The complaint, after some preliminary allegations, proceeds as follows: "7. That by and through the malconduct of the judges of election in said Pocatello precinct No. 2 and each of them, the election in said Pocatello precinct No. 2 is and was fraudulent, corrupt, illegal, unlawful, and void, and the same should be set aside and annulled, for the following reasons, to wit: (a) That by and through the malconduct of the said judges of election in said Pocatello precinct No. 2, and their wrongful acts, the said judges of election allowed and permitted many persons other than the officers of election, whose names are to the plaintiff unknown, to enter the space inclosed by the guard rail, and reserved for voters, in excess of the number of shelves and compartments provided for voting, and

that each and all of said persons so unlawfully within said inclosure were by said judges allowed and permitted to have official ballots in their, and each of their, possession, and were permitted and allowed by said judges to discuss the various candidates for the various offices, and to discuss the manner of voting said ballots. (b) That the said judges of election in said Pocatello precinct No. 2 wrongfully and unlawfully allowed and permitted numerous persons, whose names are to plaintiff unknown, to enter the said inclosed space reserved for the voters, and to procure official ballots, and then allowed and permitted them to leave the said inclosed space, and the building in which said election was held, and to take the official ballots with them from said building, without voting. (c) That the said election judges in said Pocatello precinct No. 2 wrongfully and unlawfully allowed and permitted many persons, whose names are to plaintiff unknown, at the same time to mark their ballots by placing the official ballot upon the wall of the building, in full view of the spectators, and there marking the same, while many others would retire behind the shelves or compartments prepared for voting, and in company of each other would mark and prepare their ballots. (d) That in many instances the judges would permit more than one person to enter the same booth or voting compartment and prepare and mark their ballots together. The names of said parties are unknown to plaintiff. (e) That the said judges allowed and permitted many persons, whose names are to plaintiff unknown, to visit from one booth or voting compartment to another that was then occupied, to instruct or be instructed in regard to voting. (f) That many persons, whose names are unknown to plaintiff, were allowed and permitted by the said judges to receive the official ballots, and then retire from the building without voting at all, and take away the official ballot. (g) One person (J. H. Green) was allowed to vote without having been first registered. (h) Some persons, whose names are unknown to plaintiff, were by said judges allowed to vote without receiving an official ballot from the distribution clerk—thus causing and allowing many fraudulent votes to be cast and

counted at said election in said precinct No. 2, the number and extent of which is unknown to the palintiff; and there is no means by which the polls can be purged of such fraudulent votes. 8. That on the twelfth day of November, 1898, the board of county commissioners of said Bannock county convened and sat as a canvassing board of the returns of said election, and that at said meeting of said canvassing board the returns of said election were canvassed, and the said contestee, James S. Campbell, Jr., was by said board declared duly elected to the said office of clerk of the district court, and a certificate of election to said office of clerk of the district court was thereupon issued, under the direction of the said board, to the said James S. Campbell, Jr., contestee. 9. That, should the said election so held in Pocatello precinct No. 2 be by this honorable court set aside and declared to be null and void, it would change the result of the election for the office of clerk of the district court of Bannock county. Whereupon the plaintiff and contestant prays judgment against the defendant and contestee that the said election so held in Pocatello precinct No. 2 be declared null and void, and that the same be by this honorable court set aside; that the plaintiff and contestant be declared the duly elected clerk of the district court of Bannock county. Plaintiff prays for such other and further relief as to the court may seem just and equitable in the premises. Plaintiff prays for his costs and disbursements in this action."

The primary object of our election law is to secure to the elector a free, untrammeled expression of his will concerning the matters submitted for decision, unawed by intimidating influences, uncontrolled by corrupt or fraudulent practices; and, when the will of the elector has been expressed as required by law, such expression must not be set aside or negatived for light or trivial causes. Before the court will assume to set aside the expressed will of a majority of the electors of a county or precinct, it should be well satisfied that there has been such a disregard of the provisions of law enacted for the conduct of elections as taints the entire poll with fraud. It is not every irregularity that will justify the court in invalidating the poll of an entire precinct. Section 132 of the act referred to pro-

vides, *inter alia,* that any election may be contested: "1. For malconduct, fraud or corruption on the part of the judges of election in any precinct, township or ward, or any board of canvassers or any member of either board sufficient to change the result." The complaint charges a number of omissions by the judges, in "permitting" certain things to be done which it is claimed should not have been done, but nowhere does the complaint charge that such acts were, or were any of them, done with the knowledge or consent of the judges. Permission implies leave, license consent. How, then, could the judges of election be said to permit acts of which it does not appear they have any knowledge? While it is true that the judges of election have supervisory control of the elections, and are authorized to see that the laws concerning elections are not violated, still they are not to be held responsible for every irregularity that may take place at or about the polls. The law has provided an officer whose duty it is to preserve order and decorum at and about the polls. The judges are not expected to act as ministerial officers as well as judges. There is an incongruity about such a unity of functions, too apparent to be tolerated. Should a judge of election, after his attention had been called to an infraction of the law, refuse or neglect to proceed at once against the derelict, then, indeed, might there be some ground for charging him with malconduct. But to say that a judge of election is guilty of malconduct because of the commission of irregularities (and none of the acts charged in the complaint amount to more than irregularities, except the voting of one person, J. H. Green, without being registered) of which he did not have, and cannot reasonably be supposed to have had, any knowledge, when such charge involves such serious consequences as the disfranchisement of many hundred voters, is a proposition we cannot entertain. There is no certainty or distinctness in the allegations of the complaint. No names are given in a single instance, except that of Green above referred to. "Many persons," "many instances," "some persons." This is not a sufficient predicate upon which to base a charge fraught with such far-reaching consequences. Officers who are charged with the control of elections should be vigilant in seeing that

the provisions of law are carried out and enforced, and all good citizens should, and will, whenever they are aware of infractions of the law or the commission of irregularities, see at once that those vested with authority are made aware of the same. More good will be accomplished by the honest, energetic action of a few good men at the polls, in endeavoring to preserve the purity of the election, than by any number of contests instituted after the election, and too frequently, we fear, founded upon recollection and reminiscence. We should be sorry to believe that such a condition as is intimated (not charged) in the complaint exists in any precinct in this state. We think the demurrer to the complaint was properly sustained. The judgment of the district court is affirmed, with costs to respondent.

Quarles and Sullivan, JJ., concur.