## MASON v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.   May 5, 1908.)

### No. 749.

INTERNAL REVENUE—OFFENSES BY OFFICERS—NEGLIGENCE IN PERFORMANCE OF DUTIES—CRIMINAL INTENT.

On the trial of a government storekeeper and gauger at a distillery, charged under Rev. St. § 3169 (U. S. Comp. St. 1901, p. 2059), with having negligently and designedly permitted a violation of the law by another person by leaving the door of a cistern room unlocked, in consequence of which distilled spirits were unlawfully removed therefrom, proof that the room was negligently left open or unlocked is sufficient to warrant a conviction, and it is not essential that it should have been with intent that the spirits should be removed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Internal Revenue, § 100.]

In Error to the Circuit Court of the United States for the Eastern District of Virginia.

George A. Hanson, for plaintiff in error.

L. L. Lewis, U. S. Atty. (Robert H. Talley, Asst. U. S. Atty., on the brief), for the United States.

Before PRITCHARD, Circuit Judge, and BRAWLEY and PURNELL, District Judges.

PRITCHARD, Circuit Judge.   This is a writ of error to a judgment of the Circuit Court for the Eastern District of Virginia whereby the plaintiff in error was sentenced to six months' imprisonment and to pay a fine of $1,000 upon an indictment charging him with violations of section 3169 of the Revised Statutes (U. S. Comp. St. 1901, p. 2059).   The plaintiff in error was, at the time stated in the indictment, a storekeeper and gauger employed at and in charge of a certain distillery near Belfield, known as "Distillery No. 11."

The indictment contains five counts.   There was a verdict of guilty, which the court refused to disturb, and upon which the judgment complained of was pronounced.   The evidence shows that the plaintiff in error unlocked the door of a cistern room, and in consequence thereof distilled spirits were unlawfully removed from the cistern room, and the first and fifth counts charge that he thereby negligently and designedly permitted a violation of law, etc.

It is contended by counsel for plaintiff in error that the court erred in refusing to grant the following instruction:

"Before the jury can convict the defendant upon the first and fifth counts of the indictment, they must find from the evidence, not only that 20 gallons of distilled spirits, or some part thereof, upon which the tax had not been paid, were actually removed from the grain distillery No. 11 to some other place than the distillery warehouse provided by law, as charged in the indictment, but they must also find that the defendant had knowledge that said distilled spirits were to be so removed from said grain distillery to such other said place, and intended that the distilled spirits so removed should be so removed, or that the defendant, having knowledge that said distilled spirits were to be or were being so removed, failed to prevent such removal by prohibiting the same."

This instruction was predicated upon the theory that the element of intent was an essential ingredient of the offense charged in that indictment. The section under which the plaintiff in error was indicted, among other things, enacts that:

"Every officer or agent appointed and acting under authority of any revenue law of the United States * * * who negligently or designedly permits any violation of the law by any other person * * * shall be dismissed from office and shall be held guilty of a misdemeanor," etc.

This provision is contained in the seventh clause of the section. It is provided in the third clause that any officer who "willfully neglects to perform any of the duties enjoined upon him by law," etc. In the fourth clause it is provided that any such officer "who conspires or colludes with any other person to defraud the United States," etc., and the fifth clause provides that any such officer "who makes opportunity for any person to defraud the United States," etc., and in the sixth clause it is provided that any such officer "who does or admits to do any act with intent to enable any other person to defraud the United States," etc. The provisions of the third, fourth, fifth, and sixth clauses are such that, in order to constitute the offenses therein named, an unlawful intent is made an essential ingredient of the offenses charged in the indictment. However, in the seventh clause, the words, "every officer * * * who negligently or designedly permits any violation of the law by any other person * * * shall be held to be guilty of a misdemeanor," are employed for the purpose of describing the character of the offense for which the defendant was indicted. This clause was evidently enacted for the purpose of stimulating the official to the exercise of a high degree of diligence in the performance of his duty.

There being so many means by which the government can be defrauded of its revenue by evading the payment of taxes on distilled spirits, it is but natural that Congress should legislate so as to carefully guard all the avenues through which the schemes of the unscrupulous dealer can be successfully put into operation. Hence this provision, which makes the negligence of the official the essential ingredient of the offense charged. Therefore, on the trial of one charged with negligently and designedly permitting a violation of the law by another, if it should appear that the accused carelessly and negligently left the cistern room unlocked, so as to afford another an opportunity during his absence to use the keys for the purpose of unlocking the cistern room or the warehouse, as the case might be, for the purpose of unlawfully removing or abstracting spirits therefrom upon which the taxes had not been paid, then the offense would be complete, and it would not be necessary to show that he negligently left the cistern room unlocked with intent that an opportunity should thus be afforded another to commit the offense charged in the indictment. A storekeeper and gauger, by virtue of his office, is enjoined with the duty of keeping all locks securely fastened and retaining in his possession at all times the keys to the same. Where a duty is thus enjoined upon an official, the nonperformance of the same being proven or admitted, the element of intent is not an essential ingredient of the offense charged.

Counsel for the plaintiff in error relies upon Gregory v. Marks, 10 Fed. Cases, 1194, Abrahams v. State, 4 Iowa, 541, Ball v. Campbell, 6 Idaho, 754, 59 Pac. 559, and State v. Pierce (Me.) 15 Atl. 68. We have carefully considered these cases, and are of opinion that they do not apply to the questions presented in this case.

For the reasons hereinbefore stated, the judgment of the Circuit Court is affirmed.

Affirmed.