GRAY v. STIENES ET AL.

SAME v. MANDERSHIED ET AL.

SAME v. ELSKAMP ET AL.

1. **Intoxicating Liquors**: UNLAWFUL SALE: PERMISSION OF OWNER OF BUILDING: INJUNCTION. Where it is alleged, and admitted by demurrer, that the unlawful sale of liquors is conducted in a building with the owner's permission, this is equivalent to saying that it is done with his knowledge and consent, and a temporary injunction should issue to restrain him from further permitting the use of his building for such purpose; but at that stage of the proceeding a temporary injunction against the *premises* would be without authority of law.

*Appeals from a decision of Hon. C. H. Lewis, Judge of the District Court of Plymouth County.*

### TUESDAY, JUNE 15.

THESE actions were brought for the purpose of obtaining an injunction in each case, to prevent the use of premises in the city of Le Mars in the business of selling liquor in violation of law. In each case there are made defendants the persons alleged to be engaged in the business, and the owners of the premises, and the premises themselves. No appearance was made for the persons alleged to be engaged in the business, but the owners of the premises filed a demurrer to the petition, and also an answer. The same were submitted to the judge in vacation on an application for a temporary injunction as against the owners and the premises, and the temporary injunction as against them was denied. The plaintiff appeals.

*Struble, Rishel & Sartori*, for appellant.

*Argo, Kelly & Augir*, for appellees.

ADAMS, CH. J.—I. The petition averred, in substance, that the business of selling liquor in violation of law was being conducted with the *permission* of the owners of the premises. It was not averred that the premises were leased for that purpose, nor that the persons engaged in the business had the owners' *consent*. But, in our opinion, that was not necessary. If they *permitted* the unlawful business, as the petition averred, and it is not denied, they must have knowingly acquiesced in it. Knowledge of the thing permitted is involved in the very idea of permission. The occupants, by carrying on an unlawful business upon the premises, forfeited all rights to the premises as against the owners, and the owners, upon obtaining knowledge of the violation of the

law, might have obtained an injunction to restrain the unlawful use. *Martin v. Blattner*, 68 Iowa, 286. It follows, we think, that they might be enjoined from longer permitting the nuisance by failing to exercise their right and discharge their duty.

II. As to a temporary injunction against the premises, we have to say that we think that when the occupants and owners are enjoined, all the relief is granted for which, at that stage of the proceedings, there was any authority of law. In refusing such temporary injunction, we think that the court did not err.

In refusing to grant a temporary injunction against the owners, we must hold that there was error, and the order must be

REVERSED.