(January 28, 1908.)

M. F. HALL, Appellant, v. J. M. JENSEN et al., Respondents.

[93 Pac. 962.]

AFFIDAVIT ON MOTION FOR NEW TRIAL—MOTION TO STRIKE—AFFIDAVIT,
HOW IDENTIFIED OR CERTIFIED—NEED NOT BE SAVED IN A BILL OF
EXCEPTIONS—REBUTTAL TESTIMONY—REOPENING CASE FOR—DIS-
CRETION OF COURT—NEW TRIAL—SUFFICIENCY OF AFFIDAVIT ON
GROUND OF ACCIDENT OR SURPRISE OR ON GROUND OF NEWLY DIS-
COVERED EVIDENCE—GRANTING NEW TRIAL—DISCRETION OF COURT.

1. A motion to strike from the transcript the affidavit on motion
for new trial on the ground that it is not identified or certified
by the trial judge as having been considered on the hearing of the
motion for a new trial, will not be granted where such affidavit
is stipulated by counsel for the respective parties as having been
used on the hearing of the motion for a new trial.

2. On the question of the certification of papers or documents
used on the hearing of a motion, the case of *Crowley v. Crocsus
Mining Co.*, 12 Ida. 530, 86 Pac. 536, is expressly overruled, in so
far as it applies to civil cases.

3. Under the provisions of sec. 4821, Rev. Stat., the copies of
the papers provided for by secs. 4818, 4819, and 4820, Rev. Stat.,
to be used on appeal may be certified or identified by the clerk
or by stipulation of attorneys, or may be certified and identified
by the judge.

4. Under the provisions of sec. 4427, Rev. Stat., the papers used
on the hearing of a motion, which are made a part of the records
and files in the action, need not be embodied in a bill of excep-
tions, and if the same appear in the records or files, they may
be reviewed upon appeal as though settled in a bill of exceptions,
if certified or identified as provided by law.

5. The granting of a motion to reopen the trial of a case and
to permit the introduction of rebuttal testimony is in the legal
discretion of the court, and its action thereon will not be reversed
unless it appears that such discretion has been abused.

6. Under the provisions of paragraph 3 of sec. 4439, where
application is made upon affidavit for a new trial on the ground
of accident or surprise which ordinary prudence could not have
guarded against, the facts constituting such accident or surprise
must be set forth in the affidavit.

7. Where the application for a new trial is made under the
provisions of the fourth paragraph of said sec. 4439, the newly dis-

covered evidence must be set forth, and it must also appear from the affidavit that the party could not with reasonable diligence have discovered the same and produced it at the trial.

8. Newly discovered evidence, which is merely cumulative or designed to contradict witnesses, is not sufficient to warrant the granting of a new trial.

9. The granting or denying of a new trial is in the sound discretion of the court.

(Syllabus by the court.)

APPEAL from the District Court of Seventh Judicial District for Canyon County. Hon. Frank J. Smith, Judge.

Motion for a new trial denied by Hon. Ed. L. Bryan, successor to Judge Smith. Action to set aside a judgment. Judgment for the defendant. *Affirmed.*

Rice & Thompson, for Appellant.

On the evidence as now presented to this court by the record, the judgment against appellant in the district court should not have been rendered, and he ought to be granted a new trial. The only question is the technical one, as to whether sufficient showing has been made in the affidavit of Mr. Hall, used on the motion for the new trial, of due diligence in not producing the note at the trial. The court is entitled to take into consideration the state of the pleadings and the condition of facts, as shown by the record and undisputed. (*Kenezleber v. Wahl,* 92 Cal. 202, 28 Pac. 225; *Delmas v. Martin,* 39 Cal. 555; *Jones v. Singleton,* 45 Cal. 92.)

Stone & MacLane, for Respondents.

A motion to reopen a case after the evidence has been closed is addressed to the sound discretion of the trial court. (*Kimball v. Saguin,* 86 Iowa, 186, 53 N. W. 116; *Des Moines Sav. Bank v. Colfax Hotel Co.,* 88 Iowa, 4, 55 N. W. 67; *Riha v. Pelnar,* 86 Wis. 408, 57 N. W. 51; *Cushman v. Coleman,* 92 Ga. 772, 19 S. E. 46; see, further, 46 Cent. Dig., col. 892.)

This discretion of the trial court is so exclusive that it will

not be reviewed at all, or, at least, not unless a clear abuse of discretion is shown. (*Gordon v. Reynolds,* 114 Ill. 118, 28 N. E. 455; *Haines v. Young,* 132 Cal. 512, 64 Pac. 1079.)

The affidavit on motion for new trial is in no manner certified or identified by the trial judge as having been used on the motion for new trial. Therefore it cannot be considered. (*Crowley v. Croesus etc. Co.,* 12 Ida. 530, 86 Pac. 536.)

The party alleging surprise should be required to show it conclusively, and by the most satisfactory evidence within his reach. (*Schellhous v. Ball,* 29 Cal. 605.) Also, with respect to the question of newly discovered evidence. (*Baker v. Joseph,* 16 Cal. 173; *Mowry v. Raabe,* 89 Cal. 606, 27 Pac. 157.)

It was appellant's duty, if surprised at the testimony of the respondents, to have at once disclosed the fact to the court, and to have submitted to a nonsuit, moved for a continuance, or to have otherwise sought immediate relief. Having failed to try any of these expedients, he is in no position to ask for a new trial either on the ground of surprise or of newly discovered evidence. (*Doyle v. Sturla,* 38 Cal. 456; *Schellhous v. Ball,* 29 Cal. 605; *Heath v. Scott,* 65 Cal. 548, 4 Pac. 557; *Klockenbaum v. Pierson,* 22 Cal. 160.) A party must come to trial prepared to rebut any false testimony which his adversary may produce, and he cannot claim, on motion for a new trial, that he was surprised at certain testimony because the same was false. (14 Ency. of Pl. & Pr. 733 et seq.; *Taylor v. California Stage Co.,* 6 Cal. 228; *Klockenbaum v. Pierson,* 22 Cal. 160.)

"Evidence of a fact known at the trial about which one of the witnesses testified is no ground for a new trial." (*People v. Lyle* (Cal.), 4 Pac. 977.) The alleged newly discovered evidence must not be merely cumulative, or tending to impeach or contradict a witness. (*Live Yankee Co. v. Oregon Co.,* 7 Cal. 40; *Wood v. Moulton,* 146 Cal. 317, 80 Pac. 92; *Stoakes v. Monroe,* 36 Cal. 383.)

SULLIVAN, J.—This action was brought in the district court to set aside a judgment entered by a justice of the peace,

on the ground that the *alias* summons issued by the justice
was not served on the defendant in that action, which was
an action by J. M. Jensen and another, under the firm name
of the Bank of Brigham City, as plaintiffs, v. M. F. Hall,
defendant, to recover a money judgment. The cause was
tried by the court without a jury and judgment was entered
in favor of the respondents, who are the defendants in this
action. A motion for a new trial was overruled and the
appeal is from the judgment and order denying a new trial.

A motion has been made to strike from the transcript the
affidavit of M. F. Hall on motion for a new trial, on the ground
that said affidavit is not identified or certified by the trial
judge as having been used or considered on the hearing of the
motion for a new trial. To the transcript is attached the
following stipulation, signed by the respective attorneys:

"It is hereby stipulated and agreed by and between the
attorneys for the respective parties that the foregoing tran-
script contains full, true and correct copies of the judg-
ment-roll, notice of motion for a new trial, statement and
affidavit used on motion for a new trial, order denying motion
for a new trial, and notice of appeal herein, and that an
undertaking in due form has been filed herein."

It will be observed that counsel stipulated that the affidavit
referred to was used on motion for a new trial, but counsel
for respondent cite the decision of this court in *Crowley v.
Croesus Mining Co.*, 12 Ida. 530, 86 Pac. 536, wherein it
was held that the certificate of the clerk of the district court,
to the effect that certain affidavits were used on the hearing
of a motion for a new trial, was not sufficient to authorize
this court to consider the affidavits, and that such certificate
must be made by the trial judge, or that such affidavits
must be contained in an authenticated record, certified by the
judge, showing that such affidavits were used on the hearing.
That decision is clearly wrong and contrary to the statute
and former decisions of this court. On examination of that
case, we find that the decision was based on the decision
of this court in *State v. Larkin*, 5 Ida. 200, 47 Pac. 945. That
was a criminal case, and the decision was rendered under the

provisions of secs. 7940 to 7946, inclusive, of the Penal Code, which provisions apply to appeals in criminal cases only. The decision in the Crowley case upon the point under consideration is hereby expressly overruled, as applied to civil cases.

And it is contended that the stipulation of attorneys in that regard can have no greater effect than the certificate of the clerk, and for that reason said affidavit should be stricken from the transcript. It is also contended that no one but the judge can identify or certify the papers considered by him on the hearing of such motion. This question was under consideration by this court in the case of *Simmons Hdw. Co. v. Alturas Com. Co.,* 4 Ida. 386, 39 Pac. 553. The opinion in that case was prepared by Chief Justice Morgan, and is quite exhaustive on the question here under consideration, and after reviewing a number of California authorities upon this question, the learned chief justice said: "As to the decisions of the California supreme court, which we are requested to follow, we must respectfully say that the path is too devious." And further on, it is said:

"We think a fair construction of sec. 4821 would authorize the clerk of the district court or attorneys to certify, as in this case, that the transcript contains full, true and correct copies of all the papers used on the hearing of the motion of defendant in the court below, or as the case may be. This certificate, if incorrect, would be subject to correction by either party upon a suggestion of diminution of the record."

Said sec. 4821 is as follows:

"The copies provided for in the last three sections must be certified to be correct by the clerk or the attorneys, and must be accompanied with a certificate of the clerk, or attorneys, that an undertaking on appeal, in due form, has been properly filed or a stipulation of the parties waiving an undertaking."

Secs. 4818, 4819 and 4820 of the Revised Statutes, referred to in said sec. 4821, provide what papers the transcript must contain on the appeals mentioned therein. No other papers have any place in such transcripts, and the copies of the papers included in such transcripts, under the provisions of

sec. 4821, may be certified to be correct by the clerk or the attorneys for the respective parties, and this court is authorized, on appeal, to consider affidavits or other papers used on the hearing of a motion for a new trial so certified or stipulated to be correct by the respective counsel.

In *Village of Sandpoint v. Doyle,* 9 Ida. 236, 74 Pac. 861, in considering the effect to be given to the provisions of said sec. 4821, the court said:

"A bill of exceptions is not necessary in such cases, but the papers used upon the hearing in the court below must be identified by certificate from the judge, clerk or attorneys, so that this court may know that it is passing upon the same facts which were before the district judge.

As bearing on the question under consideration, see *Steve v. Bonners Ferry Lumber Co.,* 13 Ida. 384, 92 Pac. 363.

Under the provisions of sec. 4427, Rev. Stat., it is provided that certain decisions and orders are deemed excepted to, and that where such order or decision and the papers upon which they were made are a part of the records and files in the action, they need not be embodied in a bill of exceptions and if the same appear in the records or files, they may be reviewed upon appeal as though settled in a bill of exceptions. It is clear from the provisions of that section that all the motions or orders mentioned in said section which are made a part of the files and records may be used upon the appeal the same as if saved in a bill of exceptions, and said sec. 4821 provides the manner and method of identifying such papers when not saved in a bill of exceptions or identified by the court or judge. In the case at bar, the attorneys have stipulated that the affidavit referred to was used on the motion for a new trial, and that stipulation is sufficient to warrant this court in considering it on this appeal. The motion to strike the same from the transcript must therefore be denied.

The action of the court in denying a motion to reopen the case and permit J. U. Hammond to testify as a witness for appellant in rebuttal, is assigned as error. It appears from the transcript that this cause was tried on November 16, 1906, and an adjournment of the court was taken until the follow-

ing morning, and on the convening of the court, counsel for plaintiff moved to reopen the case and permit the plaintiff to call in rebuttal the witness, J. U. Hammond, and to permit him to testify in said cause, which motion was denied by the court. After the appellant had submitted his evidence and rested, the respondent, Monroe, testified that he served said *alias* summons on the appellant on September 18, 1905, at a time when appellant called at his (Monroe's) office to pay a certain note referred to as the Ludrick note. On rebuttal, appellant's attention was called to that testimony and he denied that said summons was served on him at that time. Both sides then rested, and we infer from the record that the court then took the case under advisement. On the following morning, appellant asked to have the case reopened and to permit him to introduce another witness, one Hammond, who was present during the trial on the previous day, and who, appellant alleges, was present at Monroe's office at the time the Ludrick note was paid. It appears from the affidavits used on the hearing of said motion that said witness would testify in substance, as follows: That at the time the appellant went to the office of Monroe to pay the Ludrick note, said witness was present and that no papers were served on the appellant at that time; that said witness was in the courtroom at the time this action was tried, but did not tell appellant's attorney of the fact of his presence at Monroe's office until after the adjournment of the court, for the reason that he did not know that he had the right to say anything. An affidavit of the appellant was also presented on that motion, in which the appellant deposed that he had no knowledge until the trial that Monroe claimed that he had served a summons on him at the time of the payment of said Ludrick note, and that it did not occur to him that the said witness Hammond was present when he paid the note, and that said witness reminded him of that fact after the adjournment of court on the previous evening.

It is clear that the testimony of the witness Hammond would have been proper rebuttal testimony, had it been offered on the trial. It was testimony tending to corroborate

that of the appellant, and we think it was in the sound dis-
cretion of the court to reopen the case after it had once been
taken under advisement, and permit the introduction of that
testimony; but we do not think it was an abuse of such discre-
tion for the court to refuse to do so, and for that reason the
action of the court in that matter is not error. The fact that
said witness, Hammond, was present at the time said Ludrick
note was paid, and would testify that he did not see Mon-
roe hand the appellant the summons referred to, would tend
to corroborate the evidence of the appellant on that point.
But the court, on the hearing of said motion to open the case,
no doubt considered that matter and concluded that even if
that evidence were admitted, it would not change the finding
of the court upon the question as to whether said summons
had been served or not. The court, perhaps, took that view
of it and concluded that the evidence offered would make
no difference with the court's decision and hence declined to
reopen the case.

The next error assigned is that the court erred in over-
ruling appellant's motion for a new trial. Motion for a new
trial was heard upon a statement of the case containing the
evidence introduced on the trial, and the affidavits used on
the motion to reopen the case and permit the appellant
to introduce rebuttal testimony, and the affidavit of the appel-
lant, which is in words and figures as follows:

"M. F. Hall, being first duly sworn, deposes and says that
he is the plaintiff in the above-entitled action; that on the
4th day of October, 1905, affiant paid to said Finley Monroe
at Finley Monroe's law office at Emmett, Idaho, the note held
by said Finley Monroe for collection in favor of one Edward
Ludrick against affiant; that at the time said affiant paid said
note to said Finley Monroe, wrote the date of the payment
of said note upon the face thereof, in red ink, in words as
follows, 'Paid Oct. 4, 1905, Edward Ludrick by Finley Mon-
roe' and delivered said note so written upon to this affiant, a
copy of which is hereto attached marked exhibit 'A' and
made a part hereof; that said note was not paid on the 18th
of September, 1905, as was testified by said Finley Monroe at

the trial of the above-entitled cause in the District Court of the Seventh Judicial District of the State of Idaho, in and for the County of Canyon, but was paid on the date above stated, October 4, 1905; that said note of Edward Ludrick is the only note held by anyone by the name of Ludrick which the affiant has ever paid through said Finley Monroe; that said note is the one referred to in the testimony of said Finley Monroe in said trial as the Ludrick note paid by affiant to said Finley Monroe for Ludrick.''

It appears from the transcript that Finley Monroe testified that he served the summons in the action in the justice's court on M. F. Hall on the date that said Hall had appeared at the latter's office in Emmett and paid to said Monroe the amount due on a certain promissory note in favor of Edward Ludrick, and the effect of said affidavit is to show that the payment of said note was made on October 4, 1905, some nine days after the judgment in the justice's court was entered, and about fifteen days after the date that Monroe testified that he served said summons on the appellant Hall. That evidence would simply contradict the testimony given by Monroe on a collateral fact, and newly discovered evidence that is cumulative and contradictory on collateral facts is not sufficient to warrant the granting of a new trial, and it does not appear from the affidavit whether the appellant relies on surprise or on newly discovered evidence. If, on surprise, the affidavit should show of what the surprise consisted, as he certainly knew at the time of the trial that he had paid said Ludrick note, and until it appears otherwise, the presumption would be that said note was in his possession. If the appellant contends that this is newly discovered evidence, the statute requires that it must be made to appear that such evidence could not, with reasonable diligence, have been discovered and produced at the trial. (Sec. 4439, Rev. Stat.) It is clear from the provisions of said section that the accident or surprise therein referred to and diligence in attempting to obtain the evidence desired, must appear from the affidavit. As bearing upon this question, see *Schellhous v. Ball,*

29 Cal. 605; *Baker v. Joseph*, 16 Cal. 173; *Mowry v. Raabe*, 89 Cal. 606, 27 Pac. 157.

The issue was whether the summons was served by Monroe on the appellant. The facts disclosed by the combined statement and affidavit are as follows: The appellant testified that the summons had not been served on him. The defendant Monroe then testified to service of summons at a time when the appellant paid said Ludrick note. Appellant in rebuttal denied that Monroe had served the summons on him at the time he paid the Ludrick note. Both parties rested and the case was closed. At the opening of the court on the following morning, a motion was made to reopen the case for the purpose of introducing further rebuttal and to permit the witness Hammond to testify that he was present at the time the Ludrick note was paid and no summons was served on the appellant at that time. It further appears that said Hammond was present during the trial and was not called as a witness by the appellant, apparently for the reason that he had forgotten that Hammond was present when he paid the Ludrick note. By the affidavit on motion for a new trial, it appears that the Ludrick note states on its face that it was paid some days after the alleged service of summons, and there is nothing in the affidavit to show that the appellant did not have the possession of that note at the time of the trial; at least, there is nothing in the affidavit to indicate that with ordinary prudence or reasonable diligence the appellant could not have produced said promissory note on the trial. If appellant was surprised at Monroe's testimony to the effect that he had served said summons at the time appellant paid the Ludrick note, he ought then and there to have asked for a postponement of the trial until he could procure said note and not rested his case as he did. The court, no doubt, on reasonable application, would have given appellant time to produce said note.

In such affidavits, diligence must appear, and if one relies on newly discovered evidence, such evidence must not be merely cumulative or tending to impeach or contradict a witness.

(*Wood v. Moulton*, 146 Cal. 317, 80 Pac. 92.)   The showing in this case is insufficient to warrant an order granting a new trial, in this:   (1) No diligence is shown; and (2) The evidence tends merely to impeach the respondent Finley Monroe. The granting of a new trial is largely in the discretion of the court.   The judgment is affirmed with costs in favor of the respondent.

Ailshie, C. J., and Stewart, J., concur.