## VISO v. PORTO RICO SUGAR CO.

### APPEAL from the District Court of San Juan.

No. 545.—Decided December 15, 1910.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—A motion for a new trial on the ground of newly discovered evidence must allege that the new evidence is pertinent, and that the petitioner could not have discovered such evidence in time to introduce the same at the trial, notwithstanding the exercise of reasonable diligence.

ID.—In the case at bar the petitioner alleged in his motion that he had discovered new evidence of great importance which, in spite of the diligence exercised before the trial, he was unable to discover. *Held:* That the motion is defective in that it does not allege that the evidence was pertinent, and in that he facts therein set forth do not show that, if either efforts had been made, the evidence could not have been discovered before the trial.

ID.—DISCRETION OF COURT.—The granting of a motion for a new trial on the ground of newly discovered evidence is a matter addressed to the discretion of the trial court, and unless a manifest abuse of such discretion is shown, an order of the trial court overruling the motion must be sustained.

The facts are stated in the opinion.

Messrs. *Antonio Alvarez Nava* and *José Hernández Usera* for appellant.

Messrs. *Hord & Scoville* and *Arturo Aponte, Jr.,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The First Section of the District Court of San Juan granted a new trial in this case on the ground of newly discovered evidence. It was urged for the first time in the argument before us on appeal that the affidavits which accompanied the motion in the court below had not been properly certified to this court and that we could not, therefore, review the merits of the motion. We have examined the motion and find that it in itself is defective inasmuch as it does not set out, as required by section 221 of the Code of Civil Procedure, that "the newly discovered evidence was material for the party making the application which he could not with reasonable diligence have discovered and produced at the trial." The

words used in the motion are "Because the complainant after the celebration of the trial has discovered new proofs of the highest importance which, in spite of the efforts which were made before the trial, could not have been discovered." There is no averment of materiality nor is there anything to exclude the idea that reasonable efforts other than those actually made would have discovered the evidence now offered with the motion. It is only when we look at the alleged copies of the affidavits presented that we could be satisfied that the statutory requirements have been met. The said copies are presented with the motion, bear the seal of the district court and may readily have been considered by all the parties under the special aspects of this case as part of the motion for a new trial, to which motion the secretary of the district court certifies, and we shall consider the motion and the affidavits together especially as no motion was made to strike out the affidavits until the argument. The real question presented for decision in this court is whether the district court committed an abuse of discretion in granting a new trial on the ground of newly discovered evidence. The granting of motions on like grounds is a matter of discretion in the trial court. (*Hall* v. *Jensen,* 14 Idaho, 170; *Crystal Lake Ice Co.* v. *McAulay,* 175 Cal., 632; *Spottiswood* v. *Weir,* 80 Cal., 448; *Harrison* v. *Sutter St. Ry. Co.,* 116 Cal., 161; 37 Cent. Digest, Cols., 1113 *et seq.*)

The principal question of fact at the trial was whether the plaintiff was paid as good a price as that paid the most favored *colono* or producer of cane. When at the trial the contract with Saldaña, apparently more favorable, was produced by the plaintiff the defendant explained the excess in price by virtue of an added consideration other than the delivery of cane, a matter easily susceptible of secret agreement. The court found against any such secret arrangement and we cannot see from the record, although a close question was raised, that the judge's conclusion was incorrect. The evidence now offered is that of another person, Mr. Faura,

who has an alleged contract which gave him, another *colono,* a greater return than that paid the plaintiff. We are not entirely satisfied from the affidavits and the technical showing made by the plaintiff that a new trial should have been granted him. The affidavits disclose that the discovery of the evidence was made the night after the trial at a casual gathering of men. Mr. Faura was known to the plaintiff as a *colono* having a contract with the defendant, and plaintiff swears that he went to see every other *colono.* The plaintiff, to prove his case, relied on the contract between the company and Saldaña produced at the trial, and it is possible made no inquiries whatever as to Faura. Nevertheless we are not prepared in view of the question of good faith involved in this character of contract, and the difficulties in the way of discovering a lack of good faith, to go as far as to say, that the trial court committed an abuse of discretion in awarding a new trial on the ground alleged. The district court must be allowed a wide latitude in this class of cases, and the abuse of discretion must be plain. The order is affirmed.

*Affirmed.*

Justices MacLeary and del Toro concurred.

Mr. Chief Justice Hernández did not take part in the decision of this case.