(January 10, 1920.)

## SAM CUROE, Respondent, v. SPOKANE AND INLAND EMPIRE RAILROAD COMPANY, a Corporation, Appellant.

### [186 Pac. 1101.]

STATUTORY CONSTRUCTION — CONSTITUTIONAL LAW — TITLE OF ACT — RAILROADS—FIRE SPREADING FROM RIGHT OF WAY—NEGLIGENCE.

1.   The rule which permits reading the title of an act in aid of statutory construction applies only in cases where the legislative meaning is left in doubt by failure to clearly express it in the law.

[As to the effect of the invalidity of title to statutes, see note in **Ann. Cas. 1916D, 28.**]

2.   After the codification, by the legislature, of the laws of the state, it is too late to question the validity of one of them on the ground that the title in the bill by which it was originally enacted was insufficient to conform to art. 3, sec. 16, of the constitution.

3.   A railroad company which, in violation of the law, permits combustible material, not necessary for the maintenance or operation of the road, to accumulate on its right of way and to remain therein sufficient quantity to communicate fire, when started therein, to

contiguous property of another, which is injured or destroyed thereby, is guilty of actionable negligence.

[As to the liability of railroad companies for fires, see notes in 38 Am. Dec. 70; 78 Am. Dec. 185; 6 Am. Rep. 597.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County.   Hon. R. N. Dunn, Judge.

Action for damages.   Judgment for plaintiff.   *Affirmed.*

Ezra R. Whitla and Graves, Kizer & Graves, for Appellant.

The court will construe the statute in the light of the fact that it was enacted for the preservation of timber land and that the legislative body could not have had in contemplation any law applicable generally to railroads. (*Rural High School v. School District*, 32 Ida. 325, 182 Pac. 859.)

"The constitution has made the title the conclusive index to the legislative intent as to what shall have operation." (*Gerding v. Board of County Commrs.*, 13 Ida. 444, 90 Pac. 357; *State v. Butterfield Live Stock Co.*, 17 Ida. 441, 134 Am. St. 263, 106 Pac. 455, 26 L. R. A., N. S., 1224; *Hailey v. State Historical Soc. (Huston)*, 25 Ida. 165, 136 Pac. 212.)

"It is not *per se* negligence for railway companies to permit combustible materials, such as stalks, grass, grain or stubble, to grow or remain on its right of way in considerable quantities." (*Union Pac. Ry. Co. v. Gilland*, 4 Wyo. 395, 34 Pac. 953; *St. Louis & S. F. Ry. Co. v. Jones*, 59 Ark. 105, 26 S. W. 595.)

Black & Wernette, for Respondent.

Where the act is clear upon its face, and when standing alone is fairly susceptible of but one construction, that construction must be given to it.   The prior acts may be resorted to to solve, but not to create, an ambiguity. (Lewis' Sutherland on Statutory Construction, 2d ed., sec. 450.)

Where the language of the section clearly conveys the intention of the legislature, and no doubt arises as to such intention, the court is not required to resort to the title to ascer-

tain such intention.  (*State v. Paulsen,* 21 Ida. 686, 123 Pac. 588.)

Sec. 1610, Rev. Codes, is broad, and must be held to apply to all railroads, no matter where they are located as to being near or distant from forests or timber lands.

Here we have a statute making it negligence for the company to have its right of way contain combustible material; that is the gist of the negligence of the defendant in this case, and it must be held that any fire started in the operation or as a result of the operation of appellant's trains must make appellant liable for the resulting damage. (*Terre Haute & L. R. Co. v. Walsh,* 11 Ind. App. 13, 38 N. E. 534; *Chicago & E. I. R. Co. v. Goyette,* 133 Ill. 21, 24 N. E. 549, 550; *Jones v. Michigan Central R. Co.,* 59 Mich. 437, 26 N. W. 662, 664.)

A leading case where a statutory provision similar to the Idaho statute is involved is *Diamond v. Northern Pac. Ry. Co.,* 6 Mont. 580, 13 Pac. 367, 370.

MORGAN, C. J.—On July 23, 1917, fire started in dry weeds and grass on appellant's right of way and spread to respondent's adjoining land and consumed grass in his pasture and wheat in his field. Immediately before the fire one of appellant's trains, propelled by electricity, passed the point where it occurred. The evidence does not disclose what caused the fire, and no negligence is charged against appellant other than its failure to keep its right of way free from the combustible material by means of which it was communicated to respondent's property.

Respondent relies upon C. S., secs. 2948 and 8346, and the trial court appears to have adopted the theory that these sections are applicable to the case. They contain the following provisions:

Sec. 2948. "Every person, firm or corporation operating a railroad shall keep the ground for 50 feet on each side of the center of the track, or such portion thereof as may be owned or controlled by such person, firm or corporation, clear of combustible materials, except ties and other materials necessary for the maintenance and operation of the road,

from June 1 to October 1 of each year. . . . . Any person, firm or corporation violating any provisions of this section shall be guilty of a misdemeanor and shall be subjected to a penalty of not more than $100 for each offense. . . . . ''

Sec. 8346.  .'' . . . . any railway company which shall permit any fire to spread from its right of way to the adjoining lands, is guilty of a misdemeanor.''

Appellant insists that sec. 2948 applies only to railroads in timbered lands and that the title of the bill, when it was first, enacted in 1907, shows it to have been the legislative intent to thereby protect the forests; that to construe it otherwise would be to make it violative of the constitution, art. 3, sec. 16, which provides: ''Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title; . . . . ''

The rule which permits reading the title of an act in aid of statutory construction applies only in cases where the legislative meaning is left in doubt by failure to clearly and completely express it in the law. (*State v. Paulsen,* 21 Ida. 686, 123 Pac. 588.)  It is said in Lewis' Sutherland on Statutory Construction, 2d ed., vol. 2, sec. 450, p. 856, quoting from *Hamilton v. Rathbone,* 175 U. S. 414, 20 Sup. Ct. 155, 44 L. ed. 219, see, also, Rose's U. S. Notes: ''The whole doctrine applicable to the subject may be summed up in the single observation that prior acts may be resorted to, to *solve,* but not to *create,* an ambiguity.''  The meaning of the legislature is so clearly expressed in the section under consideration as to prohibit search for it elsewhere.

The act of 1907 was incorporated in the Revised Codes of 1909 as sec. 1610, was amended by the 1909 legislature and, as amended, became sec. 2948, *supra.*  This court, in *Anderson v. Great Northern Ry. Co.,* 25 Ida. 433, Ann. Cas. 1916C, 191, 138 Pac. 127, held that after the codification, by the legislature, of the laws of the state, it is too late to question the validity of one of them on the ground that the title in the bill by which it was originally enacted was insufficient to conform to the above-mentioned section of the constitution.

The title to the act of 1909, in addition to referring to the repeal of sec. 1612 and the amendment of other sections of the Revised Codes, including 1610, indicates the purpose of the act to be the prevention of forest fires. The regulation of railroads to the end that fires be prevented and the prevention of fires in forested areas constitute but a single subject, and matters properly connected therewith, within the meaning of art. 3, sec. 16, above quoted. If the 1909 act should be held to be obnoxious to the constitution, in that it embraces more than one subject, it would avail appellant nothing, because, in that event, the act would be void and the section would remain as found in the Revised Codes, which differs from the amended law only in that what is therein referred to as the "closed season" is made to commence May 1st instead of June 1st of each year.

It is contended respondent should not be permitted to recover damages for the loss of his grass and grain because of his failure to show appellant was responsible for starting the fire.

It is clear the legislature intended by secs. 2948 and 8346 to require owners of railroads to prevent fire from spreading from their rights of way on to contiguous lands. As a means to that end the provision first quoted was placed in the former section. Appellant's liability arises from a violation of its duty in that it permitted an accumulation of combustible material to remain on its right of way in sufficient quantity, during the season when it was unlawful to do so, to communicate fire, when started therein, to the property of respondent. This was a violation of law enacted for the protection of respondent, and others like situated, and constituted negligence resulting in damage for which this action is maintainable. (1 C. J. 954 and 957; 20 R. C. L. 38; *Denton v. Missouri, K. & T. Ry. Co.*, 90 Kan. 51, Ann. Cas. 1915B, 639, 133 Pac. 558, 47 L. R. A., N. S., 820; *Evers v. Davis*, 86 N. J. L. 196, 90 Atl. 677; *Cheek v. Prudential Ins. Co.* (Mo.), 192 S. W. 387, L. R. A. 1918A, 166; *Klatt v. N. C. Foster Lumber Co.*, 97 Wis. 641, 73 N. W. 563.)

The judgment is affirmed. Costs are awarded to respondent. ·

Rice, J., concurs.

BUDGE, J., Dissenting.—While it was alleged in the complaint that the fire "was negligently permitted by said defendant to spread northward from the defendant's said right of way into the pasture grass of plaintiff's said land next to and adjoining said right of way," the evidence discloses no negligence other than the failure of appellant to keep its right of way free from combustible material.

I cannot agree with the majority opinion that C. S., sec. 2948, is either in any manner controlling or has any application to the case at hand. That section is part of an act designed and enacted for the sole purpose of preventing forest fires. I am unable to see wherein the rule, "That prior acts may be resorted to to solve but not to create an ambiguity," has any application to the question before us. There is no contention that the language of the above section is ambiguous. The contention is that the purpose of the act must be resorted to in order to determine its meaning and scope. This is a well-settled rule which has been clearly announced by this court. (*Rural High School Dist. No. 1 v. School Dist. No. 37*, 32 Ida. 325, 182 Pac. 859; *Wood v. Independent School Dist.*, 21 Ida. 734, 124 Pac. 780; *Colburn v. Wilson*, 24 Ida. 94, 132 Pac. 579.)

The original act of 1907 (Sess. Laws 1907, p. 18, sec. 7), in which C. S., sec. 2948, first appeared, related solely to the prevention of forest fires. That act was re-enacted in the Revised Codes (Rev. Codes, title 9, chap. 4, sec. 1610), and given a chapter by itself relating solely to forest fires. That chapter was amended by the act of 1909 (Sess. Laws 1909, p. 227, sec. 6), which related solely to forest fires, the only amendment in sec. 2948 being the change of the closed season from May 1st to October 1st to from June 1st to October 1st of each year. As so amended the act was re-enacted in the Com-

piled Laws (C. L., title 22, chap. 124, sec. 1610), in a chapter relating solely to forest fires, and the section now appears in the Compiled Statutes in the same relation (C. S., title 24, chap. 132). Since it is a part of a general law relating solely to the prevention of forest fires, the language of the section must be read and its meaning determined with that purpose in view, and it cannot properly be construed as having any further application. The subject matter of the entire law of which sec. 2948 is a part must be considered in ascertaining the meaning and scope of the section. It is an elementary principle and rule of statutory construction that all acts and parts of acts relating to the same subject matter are to be construed in *pari materia.* (2 Lewis' Sutherland on Statutory Construction, 2d ed., secs. 443–448; *Noble v. Bragaw,* 12 Ida. 268, 85 Pac. 903.)

Moreover, this section has the same meaning in the Compiled Statutes that it had in the original act of which it was a part. The rule is thus stated by Sutherland:

" . . . . The mere re-enactment of a statute in a code or revision has been held not to change its meaning, construction or effect. And this is held to be true though the sections of an act are separated and are arranged in different connections. Where the general language of an act is restrained by its title it will have the same limited meaning when incorporated into a code without the title." (2 Lewis' Sutherland on Statutory Construction, 2d ed., sec. 451, and cases there cited in notes 97, 98 and 99.)

Viewed in the light of the foregoing rules it is perfectly apparent that the legislature never intended by the section in question to require railroads to keep their rights of way clear of combustible materials except in timbered lands or in the immediate vicinity thereof, and there only during the closed season, nor to penalize them except in such cases. The statute, therefore, has no application to the present action.

Within the prohibited zone (timbered country) to which the statute (C. S., sec. 2948) applies, the railway company would be liable for damage resulting from fire spreading from its right of way if the latter were not free from com-

bustible material, but outside of the zone the statute does not apply, and the company would only be liable in the event it caused the fire, or negligently permitted it to spread from its right of way.

Nor can the verdict and judgment be sustained under C. S., sec. 8346, for while this section clearly applies to railway companies operating their roads in the vicinity of both timbered lands and prairie lands raising grass or grain, the statute contains no provision making the spread of fire from the right of way to such adjoining lands *prima facie* evidence of negligence, but makes such companies guilty of a misdemeanor in the event they permit fire to spread from their rights of way to such adjoining lands. The use of the word "permit" presupposes that before one can permit a thing to be done he must have some knowledge that it is about to be done. (*Stuart v. State* (Tex. Cr.), 60 S. W. 554; *Gray v. Stienes,* 69 Iowa, 124, 28 N. W. 475; *Wilson v. State,* 19 Ind. App. 389, 46 N. E. 1050; *State v. Robinson,* 55 Minn. 169, 56 N. W. 594; *Ball v. Campbell,* 6 Ida. 754, 59 Pac. 559.)

In the latter case this court said: "Permission implies leave, license, consent. How, then, could the judges of election be said to permit acts of which it does not appear they have any knowledge?"

That respondent was familiar with the foregoing rule and the necessary limitation which its application would make upon the scope of sec. 8346, *supra,* is apparent from the nature of his allegation that appellant *negligently* permitted the fire to spread from its right of way to respondent's lands. Since, as observed in the majority opinion, the only evidence of negligence was the accumulation of combustible material upon the right of way, and since sec. 2948 has no application to the facts of this case, the trial court's instructions to the jury to the contrary were erroneous.

For the foregoing reasons I think the judgment should be reversed.