(No. 6100. May 29, 1934.)

ANGELO CARRON and BERENICE CARRON, His Wife, Appellants, v. SAM GUIDO, Respondent.

[33 Pac. (2d) 345.]

F. E. Tydeman, for Appellants.

Merrill & Merrill, for Respondent.

MORGAN, J.—Appellants commenced this action against respondent to recover damages for the death of their son, 12 years old, who was accidentally shot and killed by a boy named Johnson, 13 years old, with ammunition purchased by the boys at respondent's store. The trial resulted in a judgment of nonsuit, from which this appeal was taken.

After the action was commenced, and prior to trial, appellants moved that respondent's wife, who sold the ammunition during her husband's absence from the store, be made a party defendant. The motion was overruled and the ruling is assigned as error. The reason for the motion is stated therein as follows:

"This motion is made upon the files, records and proceedings had herein and for the reason that the verified complaint herein shows that a full determination of the case cannot be had unless Carmela Guido is made a party defendant."

"I. C. A., sec. 5–324, provides:

"The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties the court must then order them to be brought in, . . . . "

Assuming respondent's wife would have been a proper party defendant she might have been sued with her husband. No fact is shown to have been brought to appellants' knowledge, bearing on the right to make her a party to the action, after it was commenced. It does not appear to have been necessary to make her a party in order to protect her rights, nor in order that there might be a complete determination of the controversy existing between appellants and respondent. The denial of the motion was not error.

The complaint contained two counts, in the first of which appellants sought to recover on the theory that respondent was liable for the death of appellants' son because he sold the boys a quantity of 22-caliber cartridges, with one of which their son was killed, and that the selling was in violation of I. C. A., sec. 17–2715, which makes it a misde-' meanor to sell or give to any minor, under the age of sixteen years, any gunpowder, dynamite or other explosive, or any shells or fixed ammunition of any kind, or any firearms of any description, without the written consent of the parents or guardian of such minor first had and obtained. The second count was based on the theory that respondent kept the cartridges in a place easily accessible to minors and that he knew, or should have known, of their dangerous character and the likelihood of the boys being injured by them.

Respondent objected to the introduction of testimony on the ground that neither count stated sufficient facts to constitute a cause of action. The objection was overruled as to the first count and sustained as to the second.

Appellants complain of the ruling on the second count. It is alleged therein that respondent had in his place of business certain pistol and rifle cartridges which were highly dangerous when in possession of persons less than sixteen years of age and unfamiliar with their use; that he knew, or should have known, of their dangerous character, and negligently allowed them to remain in his stock of goods where they were kept on open shelves, easily accessible, and that he negligently allowed and caused some of them to come into possession of appellants' son and the other boy, who were less than sixteen years of age, and that as a direct result of such negligence on respondent's part appellants' son was killed by the explosion of one of the cartridges.

The facts recited in the second count, distinguished from conclusions, do not show negligence on respondent's part. The ruling complained of was correct.

The acts of the court sustaining the motion for nonsuit and entering judgment of dismissal are assigned as error.

"A motion for nonsuit admits the truth of plaintiff's evidence and of every fact which it tends to prove or which can be gathered from any reasonable view of it, and he is entitled to the benefit of all inferences in his favor which the jury would have been justified in drawing from the evidence had the case been submitted to it." (*Deichert v. Euerby, ante,* p. 14, 27 Pac. (2d) 981, 983, and cases therein cited.)

The evidence shows the two boys, June 28, 1931, went to respondent's store and, it being Sunday and finding the front door locked, went to the side door where they were admitted to the store, which was in a front room of a building, the rear of which was occupied by respondent and his family as living quarters. In the store the boys purchased from respondent's wife two boxes of twenty-two short cartridges suitable to be used in a pistol or rifle, and paid the purchase price to her. Respondent was not present when the purchase was made. Consent of the parents or guardians of the boys that ammunition, or other explosives mentioned in sec. 17–2715, be sold or given to them had not been obtained.

The boys went from the store to young Johnson's home where he placed the ammunition in a drawer where it remained about fifteen minutes while he prepared a lunch. Taking the lunch and ammunition with them they went to the home of Johnson's uncle to get a small rifle which young Johnson owned. Finding no one at the home of the uncle, the Johnson boy entered the house through a basement window, and failing to find his rifle, opened a trunk and found therein a 22-caliber pistol which he took. The Johnson and Carron boys were joined by another lad, and the three went into the hills near Pocatello where they shot 'part of the ammunition from the pistol. They stopped in a small grove and had lunch. While there the Johnson boy had possession of the pistol which he handled in a careless and unskilful manner, as might be expected of a boy of his age, causing it to be accidentally discharged. The bullet from it struck the Carron boy, son of appellants, and killed him. The cartridges which the boys took with them, purchased from

respondent's store, including the one which caused the death of the boy, was the only ammunition they had on the trip.

In the motion for nonsuit respondent relied on insufficiency of evidence to show he participated in the sale of the ammunition or knew anything of its being sold; failure of appellants to prove respondent's wife had authority from him to make the sale; failure to prove respondent's wife knew, or had reason to believe, the boys who purchased the ammunition were without experience in the use of firearms; that the evidence does not show, or tend to show, the sale of the ammunition was the proximate cause of the death of appellants' son; that the evidence affirmatively shows a direct intervening cause between the sale of the ammunition and the injury to the son of appellants which resulted in his death, and specifics that at the time of the sale the boys had no gun; that thereafter "one of the boys crawled through the basement window of a house that was otherwise locked and secured a gun belonging to another person with which gun the accident complained of was caused." That the evidence, viewed as a whole, fails to show negligence on respondent's part.

■ On the question of proximate cause *Binford v. Johnston*, 82 Ind. 426, 42 Am. Rep. 508, is in point. That was an action for damages because of the death of a boy who was killed by a bullet fired from a toy pistol by his brother, a child six years old, the ammunition having been sold by defendant to children for use in the pistol. The court said:

" . . . . it is firmly settled that the intervention of a third person or of other and new direct causes does not preclude a recovery if the injury was the natural or probable result of the original wrong. . . . . The rule goes so far as to hold that the original wrong-doer is responsible, even though the agency of a second wrong-doer intervened. . . . .

"Although the act of the lad Bertie intervened between the original wrong and the injury, we cannot deny a recovery if we find that the injury was the natural or probable result of appellant's original wrong. In *Henry v. Southern Pacific R. Co.*, 50 Cal. 176, it was said: 'A long series of judicial decisions has defined proximate, or immediate and

direct damages to be the ordinary and natural results of the negligence; such as are usual and as therefore might have been expected.' "

The Indiana court further said:

"In *Weick v. Lander*, 75 Ill. 93, it is held that 'where an act unlawful in itself is done, from which an injury may reasonably and naturally be expected to result, the injury, when it occurs, will be traced back and visited upon the original wrong-doer.' In the course of the opinion and as a commentary upon cases reviewed, it is said: 'The principle announced is, that whoever does an unlawful act is to be regarded as the doer of all that follows.' " (See, also, *Anderson v. Settergren*, 100 Minn. 294, 111 N. W. 279.)

The violation of a law, intended for the protection of a person and others like situated, which results in his injury and is the proximate cause of it, is negligence *per se.* (*Curoe v. Spokane etc. R. Co.*, 32 Ida. 643, 186 Pac. 1101, 37 A. L. R. 923; *Smith v. Oregon Short Line R. Co.*, 32 Ida. 695, 187 Pac. 539; *Brixey v. Craig*, 49 Ida. 319, 288 Pac. 152.)

Ruling on the motion for nonsuit the judge stated:

"It cannot be assumed that merely because Mrs. Guido is the wife of the defendant, that she was his agent. It seems to me that it is necessary for the plaintiffs to prove that Mrs. Guido was acting as the agent of the defendant at the time of the sale of the ammunition. This, I believe, the plaintiffs have failed to do, and I have decided that the motion should be granted."

This ruling was erroneous. The evidence shows respondent's wife waited on customers and made sales of merchandise in the store, prior to the sale to the boys, and, on some occasions, she did so in the absence of her husband. It is true the fact she was his wife does not show she was his agent in making the sale to the boys, nor does it show she was not. A husband may constitute his wife his agent and render her acts, within the scope of her apparent authority, binding on him. (*Casteel v. Casteel*, 8 Blackf. (Ind.) 240, 44 Am. Dec. 763; *Martz v. Selig Dry Goods Co.*, 76 Ind. App. 135, 131 N. E. 528; *Gates v. Brower*, 9 N. Y. 205,

59 Am. Dec. 530; *Marselis v. Seaman*, 21 Barb. (N. Y.) 319; *Phillips v. Sanchez*, 35 Fla. 187, 17 So. 363.)

It is not necessary to establish agency by the production of a contract, or other direct proof, but it may be inferred from all the facts and circumstances in evidence, including the conduct of the parties, and when, as in this case, the evidence tends to show agency existed, the question of whether it did or not is for the jury. (*Amonson v. Stone*, 30 Ida. 656, 167 Pac. 1029; *Madill v. Spokane Cattle Loan Co.*, 39 Ida. 754, 230 Pac. 45; *Flaherty v. Butte Elec. Ry. Co.*, 43 Mont. 141, 115 Pac. 40; *Houston v. Keats Auto Co.*, 85 Or. 125, 166 Pac. 531; *Dibble v. San Joaquin Light & Power Co.*, 47 Cal. App. 112, 190 Pac. 198; *Reed v. Anderson*, 127 Okl. 64, 259 Pac. 855.)

The judgment is reversed and remanded with direction that further proceedings be had in conformity to the views herein expressed. Costs are awarded to appellants.

Givens, Holden and Wernette, JJ., concur.

Budge, C. J., dissents.